**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 21, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL G. BERGMAN,

Defendant - Appellant.

No. 05-1493

(D. Colorado)

(D.C. No. 02-CR-466)

**ORDER AND JUDGMENT** [*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Michael Bergman pleaded guilty in the United States District Court for the District of Colorado to one count of wire fraud in violation of 18 U.S.C. § 1343. He was sentenced to 15 months' imprisonment followed by three years' supervised release. He was also ordered to pay $165,000 in restitution. His counsel has filed an *Anders* brief, *see Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw as counsel. Because we agree with counsel that there

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

are no meritorious issues for appeal, we grant the motion to withdraw and dismiss the appeal.

A grand jury indicted Mr. Bergman on 84 counts stemming from his alleged misappropriation of funds entrusted to him by Vernon Moody. The foreperson signed the indictment, but did not print his name. After Mr. Bergman pleaded not guilty, the district court dismissed without prejudice 79 of the charges as multiplicitous. The government and Mr. Bergman then reached an agreement under which he would plead guilty to one count of wire fraud and the government would dismiss the remaining charges. In addition, the government agreed that if he paid $90,000 in restitution to the victim before he was sentenced, it would recommend that he be sentenced to time served with no term of supervised release. But the parties agreed that if this restitution was not paid before sentencing, he would be sentenced under the 1998 United States Sentencing Guidelines and the government would recommend a sentence at the low end of the applicable guidelines range. At his change-of-plea hearing on May 20, 2005, Mr. Bergman stated that he had read and understood the terms of his plea agreement and had signed it freely and voluntarily.

Mr. Bergman's sentencing was originally scheduled for July 29, 2005, but then continued to September 22. The day before the hearing Mr. Bergman moved to continue the sentencing a second time. At the September hearing the prosecutor explained that the $90,000 had not yet been delivered because the

government was in the process of verifying the legitimacy of the source of the money and it would take an additional 30 days for it to arrive in the United States from its overseas location. The court agreed to continue the sentencing to October 26th. But the money had still not arrived when the October hearing was held. Although Mr. Bergman said that he expected it to be available by November 11, the court denied his request for another continuance, dismissed the remaining counts in the indictment, sentenced him to 15 months' imprisonment, and ordered that he pay $165,000 in restitution.

Mr. Bergman appealed on November 4, 2005. On November 21 he filed in district court (1) a pro se motion requesting the list of grand jurors in 2002 and 2003 and (2) a motion asking the district court to set aside his plea agreement and judgment because the grand juror who signed the indictment in his case was a fictitious person. He alleged that no "David R. Haus" existed. R. Vol. II Doc. 138 at 2. The government responded that David R. Hansen had served as the grand jury foreperson and produced an affidavit stating that the signature on Mr. Bergman's indictment was that of David R. Hansen. The district court granted the motion for production of the grand jury list but denied the motion for relief, ruling that Mr. Bergman had failed to raise a factual dispute about the identity of the foreperson.

Counsel for Mr. Bergman filed in this court an *Anders* brief reciting the issues that could possibly be raised on appeal and stating that they have no merit.

See *Anders*, 386 U.S. 738. As required by *Anders*, counsel provided Mr. Bergman with a copy of her brief and the clerk of this court notified him of his right to file a response. Mr. Bergman has filed no response.

Counsel's *Anders* brief explained that Mr. Bergman could appeal his sentence only if it was imposed "'in violation of the law'" or if it resulted from "'an incorrect application of the sentencing guidelines.'" Aplt. Br. at 8 (quoting 18 U.S.C. § 3742(a)(1)-(2)). Neither Mr. Bergman nor the government had objected to the guidelines calculation in the presentence report, and he had been sentenced at the bottom of the applicable guidelines range. There was therefore no error in sentencing. The brief identified only two other potential claims on appeal: (1) whether the district court abused its discretion in denying a further continuance of the sentencing hearing and (2) whether Mr. Bergman had been indicted by a grand jury with a fictitious foreperson. As to the continuance, the brief recognized that because a district court has broad discretion over sentencing procedures, *see United States v. Garcia*, 78 F.3d 1457, 1467 (10th Cir. 1996), the court did not abuse its discretion in denying a continuance. Finally, the brief stated that counsel had found no support in the record for Mr. Bergman's contention that the grand jury foreperson did not exist.

After reviewing the record, we agree with the *Anders* brief. We GRANT

counsel's motion to withdraw and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge